IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARL LASHANE SMITH, #197247, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>OFFICER OWENS, )<br>)<br>Defendant. ) | CASE NO. 2:08-CV-852-TFM<br>[WO] |

# MEMORANDUM OPINION

## I.  INTRODUCTION

In this 42 U.S.C. § 1983 action, Carl LaShane Smith [Smith"], a state inmate, challenges the constitutionality of actions taken against him during his incarceration at the Elmore Correctional Facility.  Specifically, Smith alleges officer Billy Owens ["Owens "] subjected him to excessive force on June 26, 2008.

The defendant filed a special report and supporting evidentiary materials addressing Smith's claim for relief.  Pursuant to the orders entered in this case, the court deems it appropriate to construe the report as a motion for summary judgment. *January 5, 2009 Order (Doc. No. 16)*.  Thus, this case is now pending on the defendant's motion for summary judgment.  Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's response, the court concludes the defendant's motion for

summary judgment is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the nonmoving party has failed to present evidence in support of some element of its case on

---

[1]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

which it bears the ultimate burden of proof.  *Id.* at 322-324.

The defendant has met his evidentiary burden and demonstrated the absence of any genuine dispute of material fact.  Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.")  A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor.  *Greenberg*, 498 F.3d at 1263.  Consequently, to survive the defendant's properly supported motion for summary judgment, Smith is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims for relief.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*.  "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted."  *Id*. at 249-250.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier

of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require

4

submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and establishes the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (Summary judgment is

appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Smith fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

### III.  DISCUSSION

#### A.  Absolute Immunity

With respect to any claims Smith lodges against Owens in his official capacity, the defendant is entitled to absolute immunity from monetary damages. Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his [or her] official capacity unless the state has waived its Eleventh Amendment immunity,

*see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear the defendant is a state actor entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from him in his official capacity. *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994); *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

### B. Uncontested Material Facts[2]

On the morning of June 26, 2008, Owens attempted to conduct a routine search of Smith and his assigned living area. Owens issued Smith several orders in an effort to carry out the search. Smith did not comply with the orders and, instead, became belligerent

---

[2]The facts are gleaned from the complaint and the undisputed evidentiary materials submitted by the defendants. In his response to the defendant's report, Smith does not contest the facts as set forth in the affidavits and other relevant documents filed by the defendant; rather, he maintains these documents are "redundant" and adopts them as "proof positive that the defendant" improperly used force against him. *Plaintiff's January 28, 2009 Response - Doc. No. 17 at 2.*

towards Owens drawing the attention of other inmates in the dorm. During this time, Smith questioned Owens' authority, failed to comply with Owens' orders, demanded Owens not touch him and repeatedly cursed Owens. Due to Smith's unruly behavior, Owens escorted Smith to the shift office. Owens did not place handcuffs on Smith.

While in the waiting area outside the shift office, Smith continued cursing and muttering derogatory statements towards Owens. Smith then called Owens a "Bitch" while turning towards Owens in what Owens perceived as "an aggressive manner." *Defendant's Exhibit A (Owens' Aff.) - Doc. No. 15-1* at 2. Based on Smith's hostile behavior and aggressive movement, Owens attempted to restrain Smith by placing his arm around Smith. Smith resisted and the two fell to the floor where a struggle ensued. During this struggle, Owens kicked Smith in the upper torso while Smith kicked Owens in the groin area and bit Owens' finger. Sgt. Willie Burks arrived on the scene and intervened by placing himself between Owens and Smith. "At this time, [Burks] felt Smith attempt to kick Officer Owens by kicking between my legs at Officer Owens. Officer Owens became frustrated, causing me to restrain Officer Owens from Smith." *Defendant's Exhibit B (Burks' Aff.) - Doc. No. 15-2* at 1.

Capt. Richard Naile entered the waiting room, handcuffed Smith and escorted him to the health care unit. Upon arrival at the health care unit, a nurse examined Smith and observed only small scratches to the left side of his neck and redness to his right knee.

*Defendants' Exhibit I (Inmate Body Chart) - Doc. No. 15-9* at 9.  The nurse found no other injuries during her examination of Smith, deemed no treatment no treatment necessary and released him for return to his cell.  *Id*.

Owens likewise reported to the health care unit for treatment and examination.  Dr. James Mracek examined Owens and observed a bite wound to his hand and a contusion in the groin area.  *Defendants' Exhibit J - Doc. No. 15-10* at 1.  Due to the bite received from Smith, Dr. Mracek ordered Owens to undergo various tests for communicable diseases.  *Id*. at 2.

### C.  Disposition of Claim

Smith alleges the use of force by Owens constituted excessive force violative of the Eighth Amendment.  The defendant adamantly denies Smith's allegation of excessive force.  Specifically, the Owens maintains he used only the amount of force necessary under the circumstances to maintain discipline and gain control of inmate Smith.  The objective and undisputed evidentiary materials filed herein support this assertion.

The Eighth Amendment prohibits the infliction of cruel and unusual punishments and this "proscription ... governs prison officials' use of force against convicted inmates." *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1990).

> Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm."  *Whitley v. Albers,* 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)

> (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2nd Cir.1973)); *see also Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). To determine if an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including: "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson,* at 7-8, 112 S.Ct. 995; *see also Whitley,* 475 U.S. at 321, 106 S.Ct. 1078; *Harris v. Chapman,* 97 F.3d 499, 505 (11th Cir.1996). From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley,* 475 U.S. at 321, 106 S.Ct. 1078 (quoting *Johnson,* 481 F.2d at 1033)....

*Skrtich v. Thornton*, 280 F.3d 1295, 1300-1301 (11th Cir. 2002) (footnote omitted); *Campbell*, 169 F.3d 1374 ("To establish an Eighth Amendment claim for excessive force, ... Plaintiff must meet [a heightened] intent requirement ... [and] must prove that 'force was applied ... maliciously and sadistically for the very purpose of causing harm.' *Whitley*, 475 U.S. at 320-21, 106 S.Ct. 1078 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973).... [F]orce does not violate the Eighth Amendment merely because it is unreasonable or unnecessary."). Another relevant factor in ascertaining whether a correctional officer used force "maliciously and sadistically" is the extent of the injury suffered by the inmate. *Campbell*, 169 F.3d at 1375. Federal courts "must also give a 'wide range of deference to prison officials acting to preserve discipline and security,' including when considering '[d]ecisions made at the scene of a disturbance.' *Bennett v. Parker*, 898 F.2d 1530, 1533 (11th Cir. 1990)." *Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007).

Viewing the facts in a light most favorable to Smith and applying the pertinent factors to those facts, the court concludes Smith fails to establish the use of excessive force as the record is devoid of evidence showing the defendant acted "maliciously and sadistically" for the very purpose of causing harm. Initially, the minor injuries suffered by Smith are clearly indicative of a use of minimal force and reflect the type injuries attendant to an officer undertaking actions necessary to obtain control of an inmate. The minimal nature of Smith's injuries suggests the force about which he complains was not used maliciously and sadistically. *Williams v. Scott*, 433 Fed.Appx. 801, 804 (11th Cir. 2011) ("While a significant injury is not required to establish an Eighth Amendment ... violation, *Wilkins v.* [*Gaddy*, ___ U.S. ___, 130 S.Ct. 1175, 1178 (2010)], the minor nature of the injury runs counter to a finding of malicious and sadistic intent. Instead, the minor nature of the injury shows that the amount of force was plausible under the circumstances. *Id*."). Next, the undisputed facts demonstrate a need for the use of force because Smith disobeyed several orders, confronted the defendant in a combative manner and posed a reasonably perceived threat to the safety of the officer. When Owens attempted to restrain Smith for his unruly and aggressive behavior, Smith kicked Owens in the groin and bit the officer on the finger. "The need for the use of force is established by the undisputed evidence that [the inmate] created a disturbance.... Prison guards may use force when necessary to restore order and need not wait until disturbances reach dangerous proportions before responding." *Bennett*, 898 F.2d at 1533. In addition, the relationship between the need for

11

the use of force and the amount of force used fails to support a finding of malicious and sadistic intent. The record before the court therefore clearly demonstrates Owens used only the amount of force necessary to protect himself from attack and gain control of an inmate.[3]

The facts before the court establish a need for the use of force and show the amount of force used by Owens was reasonable in light of the circumstances created by Smith. Consequently, the court concludes Owens did not apply force maliciously and sadistically for the purpose of causing harm to Smith but did so in a good faith effort to maintain discipline. Owens is therefore entitled to summary judgment in this case.

A separate order will accompany this memorandum opinion.

Done this 31st day of January, 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

[3] The fact correctional officials ensured Smith received medical treatment within a few minutes of the altercation is another reason which supports the finding of a lack of malicious or sadistic conduct. Also, Smith does not allege the defendant, in applying force, used threatening or abusive language. *See Bozeman v. Orum*, 422 F.3d 1265, 1271 n.11 (11th Cir. 2005) (explaining that, although mere words are not determinative of bad faith on the part of correctional officers in their use of force, "threatening language as part of the totality of the circumstances can be relevant to what is constitutionally reasonable," and may be relevant in the determination of reasonable inferences which can be drawn regarding the officers' subjective state of mind). Moreover, unlike the inmate plaintiff in *Skrtich*, the defendant did not electrically stun Smith, repeatedly seek to harm him nor beat him unconscious, and Smith did not require medical treatment at an off-site hospital. After the altercation with Owens, Smith required only cursory treatment from correctional medical personnel for relatively minor injuries. Smith likewise does not dispute he caused injuries to Owens during the altercation by kicking and biting him nor does he dispute he continued to kick at Owens even after another officer intervened.